IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSAL TRANSDATA, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 18-344 (GMS) |
| RAZER USA LTD., | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## RAZER USA LTD.'S ANSWER

Defendant RAZER USA LTD. ("Defendant"), by and through its undersigned counsel, hereby submits this Answer in response to the Complaint (D.I. 1) filed by Universal Transdata, LLC ("Plaintiff"). To the extent not specifically admitted herein, the allegations of the Complaint are denied.

### RESPONSE TO THE PARTIES

1. In response to Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on this basis denies them.

2. In response to Paragraph 2 of the Complaint, Defendant admits that RAZER USA LTD. is a corporation organized under the laws of Delaware and has a place of business at 201 Third Street, 9th Floor, San Francisco, California. Defendant also admits its registered agent in the State of Delaware is Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, DE 19958. Unless specifically admitted, Defendant denies the allegations of Paragraph 2 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Complaint, Defendant does not contest that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States, provided that standing and other requirements are met. Unless specifically admitted, Defendant denies the allegations of Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant does not contest that it is an entity formed and existing under the laws of the State of Delaware. Unless specifically admitted, Defendant denies the allegations of Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendant does not contest that venue is technically proper in this district, but denies that this Court is an appropriate or convenient forum for this dispute. Unless specifically admitted, Defendant denies the allegations of Paragraph 5 of the Complaint. Defendant also reserves its rights to challenge this Court as the most appropriate venue for this action.

## RESPONSE TO FACTUAL BACKGROUND

6. In response to Paragraph 6 of the Complaint, Defendant admits that U.S. Patent No. 7,028,114 ("the '114 patent") bears the title "Universal serial bus hub with wireless communication to remote peripheral device." Defendant denies that the '114 patent was duly recorded in the USPTO. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's rights in the '114 patent, and on this basis denies those allegations. Unless specifically admitted, Defendant denies the allegations of Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Defendant admits that what appears to be a copy of the '114 patent is attached to the Complaint as "Exhibit A."

8. In response to Paragraph 8 of the Complaint, Defendant admits the '114 patent appears to have originated as an application numbered 09/632,466 that appears to have been filed on August 4, 2000. Unless specifically admitted, Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendant admits that the words "a USB hub with capability to communicate with a plurality of remote wireless peripheral devices without the need to physically connect the peripheral devices to the hub via a cable connection" are in the '114 patent specification, but otherwise denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendant admits that Paragraph 14 appears to be a copy of Claim 1 of the '114 patent.

15. In response to Paragraph 15 of the Complaint, Defendant admits that Paragraph 15 appears to be a copy of Claim 2 of the '114 patent.

16. In response to Paragraph 16 of the Complaint, Defendant admits that Paragraph 16 appears to be a copy of Claim 3 of the '114 patent.

17. In response to Paragraph 17 of the Complaint, Defendant admits that Paragraph 17 appears to be a copy of Claim 4 of the '114 patent.

18. In response to Paragraph 18 of the Complaint, Defendant admits that Paragraph 18 appears to be a copy of Claim 5 of the '114 patent.

19. In response to Paragraph 19 of the Complaint, Defendant admits that Paragraph 19 appears to be a copy of Claim 6 of the '114 patent.

20. In response to Paragraph 20 of the Complaint, Defendant admits that Paragraph 20 appears to be a copy of Claim 9 of the '114 patent.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

## RESPONSE TO COUNT I
### [Alleged] Direct Patent Infringement

22. Defendant admits or denies the allegations of Paragraph 22 of the Complaint as set forth above.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

## RESPONSE TO COUNT II
### [Alleged] Induced Patent Infringement

32. Defendant admits or denies the allegations of Paragraph 32 of the Complaint as set forth above.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

## RESPONSE TO JURY DEMAND

Defendant admits that Plaintiff has requested a trial by jury on all issues so triable. Defendant denies that Plaintiff is entitled to any relief.

## RESPONSE TO PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, Defendant denies that Plaintiff is entitled to any relief requested in its Prayer for Relief.

## DEFENSES

Defendant alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed "affirmative" by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendant specifically reserves all rights to allege additional defenses that become known through the course of discovery. For its defenses to the Complaint, Defendant alleges as follows:

### FIRST DEFENSE
### (Non-Infringement of U.S. Patent No. 7,028,114)

Defendant does not infringe and has not infringed, any valid and enforceable claim of the '114 patent, either literally or under the doctrine of equivalents.

### SECOND DEFENSE
### (Invalidity of U.S. Patent No. 7,028,114)

All asserted claims of the '114 patent are invalid for failure to comply with one or more of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## THIRD DEFENSE
### (Prosecution History Estoppel, Prosecution Disclaimer)

Plaintiff's claims are barred in whole or in part by the doctrines of prosecution history estoppel and prosecution disclaimer.

## FOURTH DEFENSE
### (Failure to Mitigate)

Plaintiff had a duty to mitigate its alleged damages and failed to do so. Its damages are therefore either barred or reduced.

## FIFTH DEFENSE
### (Failure to Mark)

Any claim by Plaintiff for relief is limited in whole or in part under 35 U.S.C. § 287 (limitations on damages for failure to mark).

## SIXTH DEFENSE
### (Time Limitation on Damages)

Any claim for relief is limited in whole or in part under 35 U.S.C. § 286 which prohibits recovery for any infringement committed more than six years before the filing of the Complaint.

## SEVENTH DEFENSE
### (Failure to State a Claim)

The Complaint and each cause of action therein, fails to state any claims against Defendant upon which relief can be granted.

## EIGHTH DEFENSE
### (License, Patent Exhaustion)

Plaintiff is barred in whole or in part from asserting the '114 patent against Defendant under the doctrines of license (express or implied) and/or patent exhaustion.

## NINTH DEFENSE
### (Reservation of Defenses)

Defendant reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses in law or in equity that may exist now or may become available or apparent during discovery. Defendant reserves its rights to amend this pleading and to assert such additional defenses, if appropriate.

WHEREFORE, Defendant denies that it infringes or has infringed any valid and enforceable claim of the '114 patent and further denies that Plaintiff is entitled to any judgment against Defendant whatsoever. Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be awarded its attorneys' fees, expenses, and costs incurred in defending against Plaintiff's Complaint, together with such other relief the Court deems appropriate.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

Christopher Kao
Brock S. Weber
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1000

James Chang
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7100

June 13, 2018

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Razer USA LTD.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 13, 2018, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Daniel A. Kent, Esquire<br>Stephen R. Risley, Esquire<br>Olivia E. Marbutt, Esquire<br>KENT & RISLEY LLC<br>5755 North Point Parkway, Suite 57<br>Alpharetta, GA  30022<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)